UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAMBRIA HORNE, an individual,

Plaintiff,

v.

SEATTLE CITY LIGHT, CITY OF SEATTLE, a municipality; DAWN LINDELL, an individual; BRIAN BELGER, an individual; DAVID MAXFIELD, an individual; JOHN HANSEN, an individual,

Defendants.

CASE NO. 2:25-cv-01606-JNW

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS IN PART

## 1. INTRODUCTION

In 2022, Plaintiff Cambria Horne pursued discrimination claims against Seattle City Light ("SLC"), arguing that a manager had harassed, bullied, and raped her. A 2022 workplace investigation concluded that her allegations were substantiated, and Seattle City Light settled with Horne in November of that year. After the settlement, Seattle City Light launched another, broader workplace investigation, in which Horne participated. Horne now alleges that Seattle City

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS IN PART - 1

Light and its agents discriminated and retaliated against her for participating in these investigations and for pursuing antidiscrimination litigation in 2022.

The amended complaint asserts claims for (1) violating 42 U.S.C. § 1983; (2) violating the Washington Law Against Discrimination (WLAD); (3) breach of contract; (4) negligence; (5) negligent infliction of emotional distress ("NIED"); and (6) intentional infliction of emotional distress ("IIED"). Defendants move to dismiss certain claims and to strike portions of the complaint that they allege contain harmful and irrelevant information. Dkt. No. 17. For the reasons below, the Court GRANTS the motion IN PART.

## 2.  DISCUSSION

### 2.1    The complaint is not an impermissible "shotgun pleading."

Defendants ask the Court to dismiss the complaint under Federal Rules of Civil Procedure 8 and 10(b), as a "shotgun pleading." Preliminarily, on review, the Court finds that the amended complaint does not violate Rule 10(b). Turning to Rule 8, it requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Some district courts have found that complaints are "impermissible shotgun pleadings" when they "overwhelm defendants with an unclear mass of allegations and make it difficult to impossible for the defendants to make informed responses to the plaintiff's allegations." *Watt v. HAL Antillen N.V.*, Case No. 2:24-cv-00155-RSL, 2024 WL 4436966, at *2 (W.D. Wash. Oct. 7, 2024) (quoting *A.B. v. Hilton Worldwide Holdings Inc.*, 484 F. Supp. 3d 921, 943 (D. Or. 2020)). "A complaint that

alleges 'everyone did everything' *and* prevents defendants from understanding the nature of the claims asserted against each of them cannot survive a motion to dismiss." *Id*. (emphasis added) (quoting *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011)).

The Court finds that the complaint satisfies Rule 8. It alleges that Defendants, including the named individuals—management at Seattle City Light—failed to respond or act on Horne's numerous reports of retaliation and discrimination after the 2022 settlement. Dkt. No. 14 ¶ 33. While the complaint would benefit from more specificity, as discussed below, it is not incoherent or confusing such that it violates Rule 8.

## 2.2    Defendants' Rule 12(b)(6) motion to dismiss.

The Court will grant a Rule 12(b)(6) motion if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a motion to dismiss, the Court accepts factual allegations pled in the complaint as true and construes them in the light most favorable to the plaintiff. *Lund v. Cowan*, 5 F.4th 964, 968 (9th Cir. 2021).

### 2.2.1    The Court dismisses claims against the individual Defendants without prejudice.

Defendants argue that the Court must dismiss all claims against individual Defendants Lindell and Maxfield because the complaint includes no factual

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS IN PART - 3

allegations specifically related to them, except that they are SLC employees. Dkt. No. 17 at 17; *see* Dkt. No. 14 ¶¶ 14, 16 (alleging that at all relevant times, Maxfield was Crew Chief at Seattle City Light, and Lindell was the Chief Executive Officer of Seattle City Light). The Court agrees. Although the complaint defines all Defendants "[c]ollectively" as "Defendant Seattle City Light," *id.* ¶ 3, this definitional shortcut cannot substitute for factual allegations showing what each individual defendant did to violate Horne's rights. Neither Lindell nor Maxfield is mentioned in the factual allegations, *see id.* ¶¶ 19–33, and the complaint does not allege that either took any specific action or inaction that harmed Horne. *See Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions") (internal quotation marks omitted). Accordingly, the claims against Lindell and Maxfield are dismissed without prejudice.

Defendants also argue that all claims against Belger and Hansen must be dismissed because the only factual allegations against them concern pre-November 2022 conduct. Dkt. No. 17 at 17. The Court agrees. In November 2022, Horne and SLC executed a Settlement Agreement resolving Horne's prior tort claim. Dkt. No. 17-4. Under its terms, Horne released all claims against the City and its employees arising after the date of the settlement agreement. *Id.* § 1.4. The only allegations against Belger and Hansen involve conduct from *before* January 2022. Because the factual allegations against Belger and Hansen predate the settlement, these claims fall within the scope of the release and are dismissed without prejudice.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS IN PART - 4

The Court notes that Horne's declaration submitted with her opposition to this motion contains factual allegations against some individuals that were not included in the amended complaint. *See generally* Dkt. No. 20. However, a plaintiff may not amend her complaint through briefing or extrinsic materials. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Horne may replead claims against individual Defendants if she can allege specific post-settlement facts showing each individual's role in the challenged conduct.

### 2.2.2    The Court dismisses Horne's negligence, IIED, and NIED claims with leave to amend.

Next, Defendants argue that the Court must dismiss Horne's state common-law tort claims for negligence, IIED, and NIED because they are duplicative of her WLAD claims. "Washington courts have held that common law tort claims, such as negligent infliction of emotional distress, negligent supervision, and intentional infliction of emotional distress (which is also known as the tort of outrage), that are based on the same facts underpinning a plaintiff's claim for unlawful discrimination, are duplicative of the discrimination claim and therefore must be dismissed." *Ellorin v. Applied Finishing, Inc.*, 996 F. Supp. 2d 1070, 1093 (W.D. Wash. 2014) (collecting cases). Such claims can survive only "when the claim is based on a separate factual basis from the [WLAD] claim." *Id.* (quoting *Haubry v. Snow*, 31 P.3d 1186, 1193 (Wash. Ct. App. 2001) ("An employee may recover damages for emotional distress in an employment context but only if the factual basis for the claim is distinct from the factual basis for the discrimination claim."); *see also Martinez Patterson v. AT&T Servs. Inc.*, Case No. C18-1180-RSM, 2021 WL

3617179, at *13 (W.D. Wash. Aug. 16, 2021) (citing *Gamble v. Pac. Nw. Reg'l Council of Carpenters*, Case No. 2:14-cv-00455-RSM, 2015 WL 402782, at *6 (W.D. Wash. Jan 29, 2015) ("Under Washington law, a common law tort claim, such as negligent supervision, that is duplicative of a discrimination claim must be dismissed.")); *Francom v. Costco Wholesale Corp.*, 991 P.2d 1182, 1192–93 (Wash. Ct. App. 2000) (affirming dismissal of NIED and negligent hiring and retention claims as duplicative of discrimination claim).

Horne's response fails to address whether state law tort claims may be brought alongside discrimination claims when all claims are based on the same facts. *See* Dkt. No. 18 at 14–15. Instead, she cites cases explaining an employer's duty to protect its employees from harm caused by third parties. *See id.* It is unclear from the complaint whether Horne's WLAD claim is necessarily based on the same facts that support her negligence, IIED, and NIED claims. Accordingly, dismissal of these common-law claims with leave to amend is appropriate. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." (citation modified)).[1]

---

[1] Defendants also argue that Horne's common-law claims fail independently. Having already found dismissal appropriate, the Court need not address this argument.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS IN PART - 6

### 2.2.3    Horne states a plausible *Monell* claim.

Horne also pursues a constitutional claim under 42 U.S.C. § 1983, which "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Long v. Cnty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006) (quoting 42 U.S.C. § 1983). The cause of action has two essential elements: "(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Id*. (citing *West v. Atkins*, 487 U.S. 42, 48, (1988)). Horne alleges that Defendants discriminated against her because of her gender in violation of the Fourteenth Amendment's Equal Protection Clause.

Under the *Monell* doctrine, municipalities may be liable under § 1983 when the "execution of a government's policy or custom inflicts the [plaintiff's] injury." *Id*. (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). *Monell* liability based on custom or practice "must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (1996). Liability cannot be based solely on "isolated or sporadic incidents." *Id*.

Defendants argue that Horne fails to identify a policy or custom that inflicted her injury and that her allegations amount only to "isolated acts." The Court disagrees. The complaint identifies two theories: the "practice of silencing employees who oppose its toxic workplace environment and/or report workplace misconduct," and, in the alternative, the "fail[ure] to train [the City's]

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS IN PART - 7

administrative staff on discrimination and retaliation." Dkt. No. 14 ¶ 11. Whether these theories are ultimately supported by the evidence is a question for another day. At the pleading stage, it is enough that the complaint identifies them and alleges supporting facts.

And the complaint does allege supporting facts. Taking Horne's factual allegations in the light most favorable to her as the non-moving party, she has alleged a viable custom or practice. The complaint includes allegations about the 2022 and 2025 workplace investigations showing a widespread culture of silencing—or retaliating against—employees who report sex discrimination. *See, e.g.*, Dkt. No. 14 ¶ 28 ("Ms. Nelson confirmed that Ms. Horne's reluctance to complain was reasonably related to her vulnerable position as an apprentice and the 'good old boys' culture at their workplace."), ¶ 31 ("Importantly, if employees resisted or were shunned by the 'brotherhood,' there were economic and social consequences."), *id.* ("Coworkers' pleas to stop the harassing behavior went unheeded."). These allegations describe more than isolated acts, as Defendants contend—they allege a pattern of sufficient duration and consistency to support a plausible *Monell* claim.

Defendants also briefly argue causation, stating simply that the amended complaint does not "plausibly allege . . . that a policy is the moving force behind the alleged constitutional right violation." Dkt. No. 17 at 22. But one could reasonably infer that the custom of retaliating against employees who report sexual harassment caused Horne's injuries. Indeed, she claims that Defendants harmed

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS IN PART - 8

her, at least in part, by retaliating against her for engaging in protected activity related to sexual harassment concerns.[2]

The Court finds that Horne has stated a plausible *Monell* claim.

**2.3    The Court grants Defendant's motion to strike in part.**

Defendants move to strike portions of the amended complaint—paragraphs 4, 19, and 29 in part and paragraphs 20–28 in full. They argue that the challenged allegations are (1) irrelevant because they relate to claims that Horne released under the 2022 settlement agreement; (2) unfairly prejudicial or confusing; or (3) covered by Washington's mediation communications privilege. Rule 12(f) authorizes the Court to strike "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). But "[m]otions to strike are disfavored given the potential for use as a delay tactic and given the limited importance of pleadings in federal practice." *Bd. of Trs. of Glazing Health & Welfare Fund v. Z-Glass, Inc.*, No. 2:17-CV-01638-JAD-NJK, 2019 WL 10733033, at *1 (D. Nev. Apr. 3, 2019).

The Court denies the motion. Beginning with Defendants' first objection, the Court finds that allegations related to Horne's prior complaints of sexual harassment and discrimination are relevant to her current claims. These allegations describe the circumstances giving rise to Horne's current retaliation claims. Additionally, past incidents of discrimination and retaliation are relevant to

---

[2] Given the findings above, Horne's *Monell* claim survives regardless of whether her failure-to-train theory is plausible. The Court therefore does not address that legal theory.

Horne's *Monell* claim, as discussed above. *See Trevino*, 99 F.3d at 918 ("Liability for improper custom . . . must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.").

Regarding unfair prejudice, Defendants assert that the allegations relating to released claims "create the risk that the trier of fact will draw unwarranted inferences at trial." Dkt. No. 17 at 25. But this concern is unwarranted, as the jury will not see the amended complaint during trial. Nor is "unfair prejudice" a ground for striking material under Rule 12(f). Defendants' concerns about prejudice are better addressed through other procedural mechanisms as the case progresses, such as motions to seal or for a protective order.

As for Defendants' privilege argument regarding paragraph 29's reference to mediation communications, the Court expects that any amended complaint will omit mediation communications in light of Washington's mediation privilege. *See* RCW 7.07.030.

## 2.4    The Court denies Defendants' motion to strike Plaintiff's exhibit.

In their reply, Defendants move to strike Plaintiff's exhibit identified as "Non-Monetary Items for Ms. Horne that Seattle City Light created and promised Plaintiff as part of the November 23, 2022, settlement." Dkt. No. 19 ¶ 9. The Court finds that Defendants have failed to establish that the mediation communication privilege applies to this document, which appears to include settlement terms. Their

briefing contains only two conclusory sentences on this point. Dkt. No. 21 at 12. Accordingly, the Court denies the motion.

### 2.5    The Court denies Defendants' motion for attorneys' fees.

Defendants ask that they be awarded attorneys' fees for bringing this motion, should the Court allow Horne to amend her complaint. Defendants provide no legal support for their request. Accordingly, the Court denies it. *See Myrick v. United States*, 217 F. Supp. 2d 979, 982 (D. Ariz. 2002), *aff'd*, 70 F. App'x 956 (9th Cir. 2003) (declining to "consider arguments made without legal support").

## 3.    CONCLUSION

The Court GRANTS Defendants' motion to dismiss IN PART. Dkt. No. 17.

The following claims are DISMISSED WITHOUT PREJUDICE: (1) all claims against individual Defendants Lindell, Maxfield, Belger, and Hansen; and (2) the negligence, IIED, and NIED claims. Defendants' motion to strike, Dkt. No. 17, is granted in part. The motion to dismiss is DENIED in all other respects.

Plaintiff may file a second amended complaint within TWENTY-ONE (21) days of this order. Any amended complaint should: (1) allege specific facts showing each individual Defendant's personal participation in the challenged post-settlement conduct; (2) ensure that common-law tort claims rest on facts independent of the WLAD claims, or explain why they are not duplicative; and (3) omit mediation communications protected by RCW 7.07.030.

Dated this 17th day of February, 2026

Jamal N. Whitehead
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS IN PART - 12